NF

**RECEIVED**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

AUG 2 5 2015  DC

THOMAS G. BRUTON
**CLERK, U.S. DISTRICT COURT**

Dawn Johnson )
Marcus Dolton, )
)
)
**Plaintiff(s),** )
)
)
vs. )
)
Waukegan School District )
and Board of Education )
)
)
**Defendant(s).** )

Dr. Donaldo Baptiste, &
Waukegan School Board

**15-cv-7453**
**Judge Virginia M. Kendall**
**Magistrate Judge Jeffrey T. Gilbert**

<u>**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS**</u>

*This form complaint is designed to help you, as a pro se plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is Dawn Marie Johnson and Marcus Dolton

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

4. Defendant, *Dr. Donaldo R. Batiste , Ph.D.*, is
(name, badge number if known)

☑ an officer or official employed by *Waukegan Public Schools*
(department or agency of government)
*and Waukegan Board of Education* or

☐ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5. The municipality, township or county under whose authority defendant officer or official acted is *Lake County*. As to plaintiff's federal constitutional claims, the municipality, township or county is a defendant only if custom or policy allegations are made at paragraph 7 below.

6. On or about *Dec. 2014*, at approximately *1:00* ☒ a.m. ☒ p.m.
(month,day, year)
plaintiff was present in the municipality (or unincorporated area) of *Waukegan School District 60*, in the County of *Lake*,
State of Illinois, at *1201 N Sheridan Road Waukegan, IL*
(identify location as precisely as possible)

when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

☐ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;
☐ searched plaintiff or his property without a warrant and without reasonable cause;
☐ used excessive force upon plaintiff;
☒ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;
☐ failed to provide plaintiff with needed medical care;
☐ conspired together to violate one or more of plaintiff's civil rights;
☒ Other: *(1) Violation of Marcus Dolton's IEP (Dec 2014) Civil rights and freedom of speech (2) Violation of ISBE Mediation Agreement (May-29-2015)*

2

7.  Defendant officer or official acted pursuant to a custom or policy of defendant

    municipality, county or township, which custom or policy is the following: (*Leave blank*

    *if no custom or policy is alleged*):

    _____

    _____

    _____

8.  Plaintiff was charged with one or more crimes, specifically:

    _____

    _____

    _____

    _____

9.  (*Place an X in the box that applies. If none applies, you may describe the criminal*
    *proceedings under "Other"*)  The criminal proceedings

    ☐  are still pending.

    ☐  were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

    ☐  Plaintiff was found guilty of one or more charges because defendant deprived me of a

    fair trial as follows_____

    _____

    ☐  Other: _____

    _____

    [1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
    may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
    conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

    3

10. Plaintiff further alleges as follows: (*Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.*)

I am writing to file a special education violation of my grandson's IEP and ISBE placement. Marcus Dolton, a student attending Clearview Elementary School in Waukegan District 60 is "NOT" progressing or receiving accommodations for his disabity. Enclosed with these documents are several letters of correspondence with the Waukegan School District to address my concerns that remain unanswered. Enclosed are letters dated: Jan. 31, 2015, Feb. 24, 2015 April 3, 2015, and November 16, 2014, May 29, 2015

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

Following an episode at my grandson's school, the summer school coordinator had ~~a social worker~~ escort me from the building. I was seen in the emergency room for high blood pressure, stress, aniety disorder.

13. Plaintiff asks that the case be tried by a jury. ☑ Yes ☐ No

4

14.     Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such

as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy,

and/or any other claim that may be supported by the allegations of this complaint.


**WHEREFORE,** plaintiff asks for the following relief:

A.      Damages to compensate for all bodily harm, emotional harm, pain and suffering,

loss of income, loss of enjoyment of life, property damage and any other injuries

inflicted by defendant;

B.      ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages

against the individual defendant; and

C.      Such injunctive, declaratory, or other relief as may be appropriate, including

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _Anthony B) Dawn Johnson (B) DJ_

Plaintiff's name *(print clearly or type)*: _Dawn M. Johnson + Marcus Dolter_

Plaintiff's mailing address: _1321 Chestnut_

City _Waukegan_         State _IL_     ZIP _60085_

Plaintiff's telephone number: _847 845-0307_

Plaintiff's email address *(if you prefer to be contacted by email)*: _N/A_

_DawnJohnson 70 Gmail.com_

15.     Plaintiff has previously filed a case in this district.  ☐ Yes  ☒ No

*If yes, please list the cases below.*


*Any additional plaintiffs must sign the complaint and provide the same information as the first
plaintiff. An additional signature page may be added.*

5

STATE OF ILLINOIS

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT

LAKE COUNTY



MAR 1 0 2015

*Keith Brin*
CIRCUIT CLERK

DAWN JOHNSON
1321 CHESTNUT ST
WAUKEGAN, IL 60085

ESTATE OF MARCUS DOLTON                    CASE NO.    09P 80

## CITATION

IT APPEARS TO THE CIRCUIT COURT FROM AN INSPECTION OF THE RECORDS THAT

LETTERS OF OFFICE WERE ISSUED ON FEBRUARY 23, 2009 AND THE STATUS REPORT HAS

NOT BEEN FILED IN THE ABOVE ENTITLED ESTATE AS REQUIRED BY LAW.

WE DO COMMAND AND CITE YOU TO APPEAR BEFORE THE CIRCUIT COURT ON APRIL 7,

2015 AT 9:00 A.M. IN

        COURTROOM 1
        DEPKE JUVENILE COMPLEX
        24647 N MILWAUKEE AVE
        VERNON HILLS, IL 60061

TO PRESENT TO THE COURT THE STATUS REPORT OR SHOW CAUSE WHY YOU SHALL NOT BE

HELD IN CONTEMPT OF COURT.

                        *Keith Brin*
                        _____
                        KEITH BRIN
                        CLERK OF THE CIRCUIT COURT

I HEREBY CERTIFY THAT THIS NOTICE WAS MAILED TO THE ABOVE ON

_____3.10-15_____.

                        *Carolyn M*
                        _____
                        BY DEPUTY CLERK:  CAROLYN M
                        PHONE NO. (847) 377-7888

DATED: MARCH 10, 2015

November 16, 2014

Ms. Chambers
Clearview Administrative Team
Special Education Department
Waukegan School District 60

Dear Ms. Chambers and Members of the Administrative Team:

I want to formally thank you, Ms. Chambers, for allowing me to become actively
involved in my grandson, Marcus Dolton's, education.  I take my responsibilities
as his guardian very seriously.  As you know, Marcus has a great many educational
hurdles to overcome.  I believe his time in your classroom has been both beneficial
and rewarding for him.  I can see him maturing and accepting his role as an active
student.  I'd like to think that my involvement has also helped him and many of the
other children realize how valuable an education is.

Having an open door policy for parents has been wonderful for Marcus.  Other less
confident teachers might have seen my presence as a threat.  I am so appreciative
to you and your assistants for not feeling intimidated or threatened when I come
into the classroom.  This has made it possible for me to remain updated with his
progress.   My wish is for Marcus to become an asset in the classroom and to his
other classmates.  Marcus' disability makes him special and unique.  However, I
want him and others to understand that he is following the same path that others
endured in the realm of special education on to greatness.  His potential mirrors the
success of great leaders including, Albert Einstein, Jay Leno, Tom Cruz and
Whoopi Goldberg. There are not limitations on his ability to learn and succeed.

As you start planning for Marcus' placement next year, I hope he will again be
placed with a teacher who can be open to my involvement.    I can see that as
Marcus grows older, he is becoming more independent and more capable.  I would
like to see him given an opportunity to excel in school.  Holding him back a year
was a difficult decision for me, but I can see in him an eagerness to learn that has
come with his maturity.

Let us not forget those who struggled in the past:

*Albert Einstein*—couldn't speak until the age of four, didn't begin to read until the age of nine

*Michael Jordan*—cut from the J.V. basketball team

*Shawn Combs*—completed special education school

*Daniel Malloy*—U.S. Politician, 88th Governor of Connecticut, struggled with dyslexia throughout his childhood

I believe that this support group would be a welcome addition to our school district. I look forward to hearing from you, so we can discuss the details of implementing a new support group.

Sincerely,


Dawn Johnson
Grandmother and Guardian
847-845-0307

---

### D A W N   J O H N S O N
### 1 3 2 1   N O R T H   C H E S T N U T
### W A U K E G A N ,   I L   6 0 0 8 5

---

January 23, 2015


 Attention; Dr. Donaldo Baptiste, Waukegan School Broads Members, and Community
1201 North Sheridan Rd
Waukegan, Il 60085


 Dear Donaldo Bapiste, Wkgn School Broad Members, and Community

As a mother, grandmother and a concern community member it troubles me with how I was approach my school direst Attorney Tom Morse. It was very unpleasant and made me to feel very uncomfortable

- **On Thursday Jan 23, 2015  6pm:I Dawn Johnson was informed by Chris Blanks who is the founder of BAMM an organization group that supports the community that there will be an open special school broad meeting, for the community to ask questions about any matter of concern which need be address in the local dist. # 60 schools.**

 As the meeting coming to a close , Mr. Blanks  if there was any other question from anyone and, I stood up and began to ask a questions The most important questions that was asked to the members  was the concern of the Silent Lunch issue. This same concern come up around a year ago and a letter was sent from to the schools attorney but a resolution has not been made.


After the meeting was concluded a found Mr. Morse and formally introduce myself since we had never met. I also need to get a clear picture and understanding of his opinion of Silent Lunch.  He gave the perception that the matter had no importance. As I proceeded to ask him why small children are  being forced to not make any noise, I also reminded him how important the act of communication with another human being is to us as human. You would be under the impression that being social with other would be a skill that is praised not punished. As we in entrust are small children in the hands of the school staff I would hope that the decisions being made are what is best for the students


When in the classroom being quite the majority of the time is expected due to the nature of the environment. Lunch to most is a time to eat and enjoy the company of your

friends sharing stores. I Dawn Johnson became aware of the procedure when I was voting at a local school. I along with others was informed to be quite by some children with their finger against their lips who were both leaving and entering the lunch room. After some further observation I heard staff state to the children that if they didn't remain quite they recess privileges would be taken away. I along with other voters and the staff working the pole became puzzled.

Being the very concerned parent that I am, the following day I took the concern I had to the principal at the local so that it could be address. When speaking with her she informed me that this has been in place for several years now due to a choking incident that occurred at one of the schools. However, there hasn't been another incident. After speaking with several other parents who have children that go to school in the same district that they had no knowledge of what that there children was not enjoying lunch time as most kids were. When researching correspondence from the school I couldn't find any with the mention of Silence Lunch rules, regulations, or procedure.

When attempting to address the concern to the Superintendent Dr D. Baptiste by making a phone call to him, he stated he wouldn't speak with me regarding this matter. Dr Donaldo Baptiste has spoken to me very unethically, which has happen on several occasions with him directing me to the School Attorney Tom Morse if I wanted any more information. I am not sure why I would need to contact the school attorney when the information that I am asking should be assessable to me as a parent with children that go to school and have to follow set rules. I believer that they are attempting to intimidate me so I can stop raising concerns however I am the only voice my grandchild has and will make sure that he along with all our children are being treated fairly,

❖ However I did forward the information to a legal attorney to only address the matter at hand, Is it a freedom of speech or is this fear and correct, She later spoke and receive a letter regarding the issues. Yet I was still very puzzles of How is it ok for half of the schools to be following this practice and not all and the community is not aware of the matter? And later I address the School Broad Meeting with the issues at hand.

FINAL, AS I CLOSE, IAM VERY PUZZLE AND HURT. WHY I AS AN SINGLE MOTHER THAT RAISE FOUR CHILDREN ALL ATTENDED AND COMPLETED HIGH SCHOOL DIPLOMA WITH DIST.# 60 WAUKEGAN, AND NOW AIM RAISING MY (8) EIGHT YEAR OLD GRANDSON. THIS HAS BEEN A VERY HARD ROUGH ROAD. WHO DO THE PARENTS HAVE TO SPEAK TO?

**ILLINOIS STATE BOARD OF EDUCATION**
Special Education Services Division
100 North First Street, N-243
Springfield, Illinois 62777-0001

## PARENT REQUEST FOR AN IMPARTIAL DUE PROCESS HEARING OFFICER

**INSTRUCTIONS:** This form has been developed to assist parents in requesting an impartial due process hearing. The completed form must be given to the superintendent of the student's resident district. Within 5 days of receipt of the request for a hearing, the local school district will forward a copy of the completed form to the Illinois State Board of Education to be shared with the appointed hearing officer. A local school district may not deny a request for a due process hearing. All parties involved in the dispute are advised to review the due process regulations found at 23 Illinois Administrative Code 226.605 and Section 14-8.02 of the School Code. The information reported on this form will be subject to the confidentiality requirements of the individuals with Disabilities Education Act and the Illinois School Student Records Act.

| NAME OF STUDENT ON WHOSE BEHALF THE HEARING IS REQUESTED | STUDENT'S BIRTHDATE (Month/Day/Year) |
|---|---|
| Marcus Dolton | April 20-2006 |

PARENT'S/GUARDIANS' LANGUAGE/MODE OF COMMUNICATION
English

A BILINGUAL OR SIGN LANGUAGE INTERPRETER IS REQUESTED
☐ YES ☑ NO    IF YES, Specify language/mode of communication ___NONE___

| NAME OF PARENT/GUARDIAN | TELEPHONE (Include Area Code) |
|---|---|
| Dawn Johnson | 847/845/0307 |
| ADDRESS (Street, City, State, Zip Code) | FAX (Include Area Code) |
| 1321 Chestnut Waukegan IL 60085 | |
| | E-MAIL |
| | Dawnnjohnson70gmail.com |

| NAME OF ATTORNEY FOR THE PARENT/GUARDIAN (If this section is completed all information and correspondence regarding the due process will be forwarded directly to the attorney or representative.) | TELEPHONE (Include Area Code) |
|---|---|
| NONE | NONE |
| ADDRESS (Street, City, State, Zip Code) | FAX (Include Area Code) |
| NONE | NONE |
| | E-MAIL |
| | NONE |

| DISTRICT NAME AND NUMBER | TELEPHONE (Include Area Code) |
|---|---|
| Waukegan IL 60085 Dist#60 | 1224/303/1600 |
| ADDRESS (Street, City, State, Zip Code) | FAX (Include Area Code) |
| Waukegan il 60085 | NONE |
| | E-MAIL |
| | NONE |

| NAME OF THE SCHOOL STUDENT ATTENDS | TELEPHONE (Include Area Code) |
|---|---|
| Clearview | |
| ADDRESS (Street, City, State, Zip Code) | FAX (Include Area Code) |
| | none |
| | E-MAIL |
| | none |

A DESCRIPTION OF THE DISPUTE *(Attach additional pages if necessary.)*

enclose information.

A DESCRIPTION OF THE RESOLUTION OR ACTION YOU ARE SEEKING *(Attach additional pages if necessary.)*

Enclose information

| March 06/2015 | |
|---|---|
| Date Submitted to District | Signature of Parent/Guardian |

ISBE 19-86A (9/12)

Description of the Dispute:

I am disputing Marcus Dolton's IEP resolution. I asked my grandson's teacher to explain to me how she accessed his progress and to show me her lesson plan, so I could get an idea of what he's learning in order to help him at home. After weeks of this request, I have not received a response other than, "I just observe him daily." This is not acceptable to me because I thought there should be records of his progress reported somewhere. I expected some evidence of his work and a great deal of documentation. I informed the principal and her direct special education director. They have yet to explain how they monitor students' progress.

Recently, during an IEP meeting for my grandson, I had several questions that were ignored or left unanswered due to time limits. I was unaware that there are time limits for an IEP meeting. I left the meeting with numerous questions, only to be told that they will schedule a meeting with me later regarding my questions. What's astonishing is that it has been a full two weeks without a response or contact from the Special Education Director or the Principal. Additionally, I don't have a copy of the revised IEP.

Description of Complaint:

As grandmother and guardian of Marcus Dolton, I take his educational progress very seriously. My complaint is regarding Marcus' classroom placement and lack of access to his academic plan for advancement. For the second consecutive school year, Marcus has been placed in a special education class which is comprised primarily of behavioral disordered children, something with which Marcus is not inflicted. For Marcus, this is not a good fit. Because of his brain tumor, classroom disturbances make it very difficult for Marcus to concentrate. This environment has far too many distractions, making it impossible for him to focus, grow academically and mature responsibly.

In an attempt to help him at home, I have repeatedly requested some indication of what academic skills Marcus is being taught and expected to master. I have received no response.

Illinois State Board of Education
April 3, 2015

Dear Board Members:

As grandmother and guardian of Marcus Dolton, I take his educational progress
very seriously. My complaint is regarding Marcus' classroom placement and lack
of access to his academic plan for advancement. For the second consecutive
school year, Marcus has been placed in a special education class which is
comprised primarily of behavioral disordered children, something with which
Marcus is not inflicted. For Marcus, this is not a good fit. Because of his brain
tumor, classroom disturbances make it very difficult for Marcus to concentrate.
This environment has far too many distractions, making it impossible for him to
focus, grow academically and mature responsibly.

In an attempt to help him at home, I have repeatedly requested some indication of
what academic skills Marcus is being taught and expected to master. I have
received no response.

I am disputing Marcus Dolton's IEP resolution. I asked my grandson's teacher to
explain to me how she accessed his progress and to show me her lesson plan, so I
could get an idea of what he's learning in order to help him at home. After weeks
of this request, I have not received a response other than, "I just observe him
daily." This is not acceptable to me because I thought there should be records of
his progress reported somewhere. I expected some evidence of his work and a
great deal of documentation. I informed the principal and her direct special
education director. They have yet to explain how they monitor students' progress.

Recently, during an IEP meeting for my grandson, I had several questions that
were ignored or left unanswered due to time limits. I was unaware that there are
time limits for an IEP meeting. I left the meeting with numerous questions, only to
be told that they will schedule a meeting with me later regarding my questions.
What's astonishing is that it has been a full two weeks without a response or
contact from the Special Education Director or the Principal. Additionally, I don't
have a copy of the revised IEP.

My grandson, Marcus, wants to learn, in fact, is eager to learn. I am so concerned that his current placement will erase all his desire to achieve. He is dealing with constant distractions and bad influences. He deserves a better educational experience, an environment that meets his needs, not one that places him with behavioral disordered children.

Up until now, I have felt that his current school is unwilling to cooperate with me and address my concerns. They have made it very clear that they don't want me to be involved in Marcus' education. I have been made to feel unheard, intimidated, bullied, and overwhelmed. Marcus is only eight. I want for him what every parent or guardian wants for his/her child: a rewarding and fulfilling experience. This is the reason why I am requesting "due process" instead of mediation. I have exhausted my energy talking with many levels of administration including the Superintendent in district 60. They have suggested that I am disgruntled and I feel bullied and intimidated by those remarks.

Marcus deserves a new and better school environment and fair access to a good education. I don't think he will ever have that opportunity in the Waukegan schools. He's just another child to the people of the Waukegan schools. But to me, he is a young child whose future must be guided, so that one day he will be a responsible and productive member of society.

Sincerely,

Ms. Dawn Johnson

April 16, 2015

Ms. Ann Breen-Greco, Impartial Hearing Officer
P. O. Box 25988
Chicago, IL 60625

Re:     Marcus Dolton and Waukegan Public School District No. 60
        Case No. 2015-0338
        Response to Kerry P. Burnet' rebuttal

Dear Ms. Breen-Greco,

It is with heartfelt disappointment that I response to the unjustifiable claims
presented by attorney, Kerry P. Burnet, representing Waukegan School District No.
60. Please know and understand that I have been in several meetings and I have
cooperated fully with school district officials in the Special Education Department
and with several Waukegan School District administrators over the past two years
pertaining to my grandson's IEP. The mere fact that I raised questioned about how
he was progressing and made numerous requests to see evidence of his growth was
met with resistance from the district on all levels. I have been made to feel
unworthy, undervalued and intimidated by some of their unfair bullying practices.

 My request for due process is a fair and reasonable request as I have tried numerous
times to resolve my concerns with the district following their chain of command. I
have spoken with the teacher Ms. Katie Cambers, the principal, Sarah Bankhead,
Sandra Edelstein, the Special Education Director, Joan Brixey, Associate
Superintendent for Teaching, Learning and Professional Practices, Marilyn Krajenta,
Associate Superintendent in the Superintendent's Cabinet and the Superintendent,
Dr. Donaldo Baptiste as well. During each meeting, I have been promised that they
would take a look into my concerns. However, the talks have been only that; talk. I
took my concerns to the Board of Education and sent the Board President, Ms. Anita
Hanna, a letter requesting assistance in resolving this matter as well. They listened
and assured me that they too would look into this matter. I have not received a
response from the Board with their findings just more talk from Ms. Hanna.

1

This proves that I am open to collaborative conversations with the district about my concerns however, they have not given me the same courtesy. I am well aware of the lack of communications most parents receive from the district as I have raised my four children in this district. Three of them had IEP's and I advocated for them as well. Their principals back then were open and warm. They made me comfortable with the decision making practices years ago. However, with my grandson Marcus, I have been getting the general runaround.

(1) First, to be clear, I want you to understand that I was invited to my grandson's IEP meeting in late December 2014. This meeting was only scheduled for two hours regardless of the numerous concerns I presented. However, I did not get the chance to fully address and understand what the twelve member team stated to indicate that Marcus was not improving.

(2) Secondly, the IEP meeting was adjourned even though I have several questions that they failed to address. Sandra Edelstein, said they only allotted two hours for this IEP meeting. Would a doctor place a limit on the time with his patients when they have questions? I don't think so. So why did WPS 60 instill time limits for IEP meeting?

(3) Third, I did not receive a copy of the revisions they put in Marcus' IEP nor did I agree with the course of action they choose. They did show any records to attest to the fact as my grandson is digressing or improving. This was not fully explained. Without my understanding as a partner on the IEP team how can they determine that he shows signs of regression?

(4) Fourth, Sandra Edelstein mentioned that a follow-up meeting would be called in January following winter break. During this meeting, convening in January without the presence of the teacher or the Principal in attendance we discussed the lesson plans, his growth and the material they were using with Marcus. However, this is only what the district is saying and not what is being actually implemented in the

2

classroom. Is this legal? I don't think so as the teacher is the only one who works directly with my grandson in the classroom. Her voice should be heard. I left the meeting without a copy of the new IEP nor did they ask me to sign it. No paperwork was extended to me about the IEP meeting, my questions or concerns.



Fifth, I asked the teacher to allow me to see her lesson plans so I would know what to work on with my grandson. I also asked to see his grades. The teacher said that she observes the students and does not record progress scores. I could not believe this as I help him with homework each night. I asked the principal about the lack of record keeping going on by the teacher and no visible lesson plans. She too agreed to look into this matter. Marcus is mainstreamed into a math class and this is common practice as his math teacher does not record grades either for Marcus. How can this be the norm for Waukegan?



Sixth, when I contacted the teacher again, she mentioned that Sandra Edelstein made a policy stating that " I must give the school two weeks notice prior to visiting my grandson's classroom." She also mentioned that she was told that she (the teacher) could not contact me on the phone but only through email should I want to communicate about Marcus.



Seventh, I called the Superintendent's office as this is not the norm for other parents. Why was I being singled out? The Superintendent referred me to his team member Joan Brixey who scheduled a meeting with me. I informed her that I did not receive a copy of the IEP nor did I receive answers to my concerns. She promised to look into this matter. Weeks later I receive an eight paper document that was email with the minutes from the original IEP but no resolution about my concerns. I also requested permission to visit another Special Education classroom to see if they had lesson plans. Brixey's secretary, Kelly Kruchle stated that this was a union issue and they would get back in touch with me about my request.

3



Eighth, I requested to meet with Dr. Baptiste and his secretary rudely stated that she did not handle his schedule and that he would return my call. I followed up with another phone call requesting that he call me or set up a meeting. Dr. Baptiste sent an email instead stating that he did me a favor and he would only meet with me for 30 minutes. I followed up requesting additional time to review the IEP meeting experience, a bus incident involving my grandson and a pushing down the stairs accidents, plus that teacher's revelation about visiting his classroom, record keeping and communications. Unfortunately, the superintendent did not honor my request for more time.



Ninth, this whole ordeal has been stressful and painful. As a busy grandmother, going to work and school full time plus trying to raise Marcus, the lack of cooperation from the school district has elevated my blood pressure. I spent a weekend in the hospital due to stress. Following another Board meeting, in which I humbly addressed the Board, Dr. Batiste sent an email saying that his colleagues that they have tried on several attempt to resolve my concerns. The Superintendent stated that "he did me a favor" by listening. His colleagues accused me of being uncooperative and demanding. Since late February, I have not received any information from district officials regarding my concerns.

Feeling abandoned by the district, I researched information on the Internet to support my claim for having Marcus moved to another district that put students first. I mentioned the McKinney-Vento Act strictly simply because Marcus met the criteria for being homeless. Marcus is not my biological child but my grandson. I rescued him from living in abandoned building with my wayward daughter and from her risky lifestyle. His disability stems from an injury sustained while living with her in transitional housing.



I am simply seeking resolution for my grandson to have a better educational experience as Waukegan schools are failing and none have made AYP. We should have a "choice option" extended when communications breaks down between

4



parents and the district. It's all about my grandson's educational needs being met. A friend explained that Gurnee students have one on one technology. Waukegan does not. Marcus has vision problems and they don't even enhance or differentiate his papers from his peers. He is placed in a classroom with bad behaviors that impede him from learning. Marcus needs limited distraction in order to concentrate on his work. I am advocating for change.

In closing, I feel attacked again by the district's attempt to twist my concerns around the McKinney-Vento Act. This was not a part of my original complaint for due process. Therefore, I am appealing to you to see and read between the lines in this case. Dismissal of my request for a due process hearing is certainly unwarranted based upon the information noted in this letter.

Sincerely,

Dawn Johnson

5

Dear. Waukegan District #60 Staffs-

Clearview Staffs and Dear. Baptiste and Mrs.'s Edelstein

As the grandmother and Guardian of Marcus J. Dolton,

First Good-Morning. I have ask and tried on several occasions to meet with the IEP team, For the last three (3) weeks The last week of April- 2015 I address the concern to teacher with a few concerns after receiving my grandson Marcus Dolton progress report. In the Guide line with his IEP regarding his academic skills to move forward with Marcus steps with his goals as he transfer to summer school and third grade, I ask to have a meeting.

Yet, On Several Occasion the teacher addresses the need of me to complete the volunteer form and I have. However, to visit the school or class has been not possible or the warm welcome is not for all parents, as for me.

I have been very Respectful, Patience, and Flexible with each members, As I shared the time and date was provided, Yet, Three (3) ago, I reached out to the Clearview staffs, regarding Marcus transition to school summer; and the new 2015-2016.

First-[1} On the week Of May 04-2015, I Dawn Johnson send a note to the teacher regarding the above concerns; and the teacher responded with a Statement that She Ms. Katie Chambers explain she informed the principal Ms. Sara Bankhead- On the 8th of May.

Secondly (2) - I reach out to the Asst-Principal Mrs. Leslie B. regarding the concern with Marcus IEP, Transition from summer school and 2015-2016 new school years; On the 18th of May- 2015 I reach back to the teacher and once again the information was pass again and She stated "She is now waiting on Lincoln Center Staffs.

Final and at this time- May 19th I have not received any responded from anyone as of today At this time, Marcus is achieve and Master many of his goals that are been place in his present IEP, Before Marcus Dolton began summer school or start third

November 16, 2014

Ms. Chambers
Clearview Administrative Team
Special Education Department
Waukegan School District 60

Dear Ms. Chambers and Members of the Administrative Team:

I want to formally thank you, Ms. Chambers, for allowing me to become actively involved in my grandson, Marcus Dolton's, education. I take my responsibilities as his guardian very seriously. As you know, Marcus has a great many educational hurdles to overcome. I believe his time in your classroom has been both beneficial and rewarding for him. I can see him maturing and accepting his role as an active student. I'd like to think that my involvement has also helped him and many of the other children realize how valuable an education is.

Having an open door policy for parents has been wonderful for Marcus. Other less confident teachers might have seen my presence as a threat. I am so appreciative to you and your assistants for not feeling intimidated or threatened when I come into the classroom. This has made it possible for me to remain updated with his progress. My wish is for Marcus to become an asset in the classroom and to his other classmates. Marcus' disability makes him special and unique. However, I want him and others to understand that he is following the same path that others endured in the realm of special education on to greatness. His potential mirrors the success of great leaders including, Albert Einstein, Jay Leno, Tom Cruz and Whoopi Goldberg. There are not limitations on his ability to learn and succeed.

As you start planning for Marcus' placement next year, I hope he will again be placed with a teacher who can be open to my involvement. I can see that as Marcus grows older, he is becoming more independent and more capable. I would like to see him given an opportunity to excel in school. Holding him back a year was a difficult decision for me, but I can see in him an eagerness to learn that has come with his maturity.

Obviously, Marcus still needs to be placed in a special education class with fewer students. I believe he is ready for a structured and challenging environment. Marcus has been very fortunate to have such a flexible and open teacher in you, Ms. Chambers. It is critical that next year's class is again a good fit. I know we both want what's best for Marcus as he progresses in District 60. I would like to continue to be actively involved in his academic advancement by being able to visit his classroom.

Thank you again for your continued help and support,

Dawn Johnson
Grandmother and Guardian of Marcus Dolton

Observation notes
Marcus Dolton at Clearview Elementary School 6/3/2015 approx 10:30 a.m. – 12:30 p.m.

Bathroom break – other class all had books with them to read while waiting

Classroom Birthday at computer 3 of 7 following along with the video song/dance that was playing (Marcus following along) purpose? Google another computer song/dance

Check schedules Marcus "Independent" Sat at study carrel with worksheet writing on lines standard pencil. Obvious difficulty staying on lines. Models for writing up on walls, nothing in front of him. Template to help him stay on lines write within to size his writing? No feedback on his work, just turned it in. Move to a different station about every 10 minutes.

Time out used...where? Why? What's the routine? Behavior plan?

Students good at lining up and moving to different stations. At one point Marcus was supposed to go to computer but computer was not available so he found activity building with sticks until computer was free.

N2Y? What does this mean? One of the scheduled stations.

Food reinforcers, pretzels and cereal used inconsistenly.

Can Marcus have available numbers/letters on tape in front of him to use for model? Pencil grip? Larger pencil? Alphabet model that he could take with him might be helpful. Visual cues all require looking from far to close. Does Marcus have difficulty making the visual transfer? Marcus appears to have difficulty tracking visually and eye-hand copying and staying within the lines.

At table with book not given an opportunity to read. Being coached with phonics. Is there a goal using phonics? Strengths weaknesses.

At computer put headphones on and given math program 10s and ones. Marcus was obviously using the computer to play game as he hovered over the answers the computer cued to the correct answer. Any record of score? What was the goal of this lesson? Feedback from computer? He was able to get the right answer each time by looking at cues. What was he supposed to be learning from this activity?

Could he have the opportunity to read? Use the computer and headphones for a reading activity? Could the headphones be used to read a book along with a CD? Can Marcus have the opportunity to turn pages? OT/PT goals Is he using phonics to read?

There were no opportunities for Marcus to read everything was read to him when a story or book was presented.

Starfall Math Journey computer program how used? Records kept?

Constant visual and auditory distractions in the classroom. Marcus manipulated the computer screen appeared to be distracted and have difficulty seeing the screen. Lighting? Glare? Any documentation is he retaining any of what he is supposed to be learning at the computer activity?

Are there computer programs that record the results that can be used for reinforcing math and reading learning?

Station 1:1 with aide. Given easel for writing circling answers on a worksheet. Why was this easel not made available to him when he was working on the worksheet at station "Independent"? Aid read to Marcus why was he not given the opportunity to read? Marcus asked for direction circle this? This too? Aid provided answers. Marcus consistently answered correctly verbally. Marcus was not allowed to self-correct the aide pointed out what he was supposed to circle. Marcus corrected the aide on an answer at one point.

Outside for recess. Time out against wall for another student. Opportunity to work on OT/PT goals? No direction or clear interactions with peers.

Lunch assigned seats? Aide sitting with Marcus' class. Opened his milk on his own. OT/PT /speech/language goal opportunities? Not sitting with nondisabled peers. Yellow slips handed out what for?

Discussed observations with principal. Noted auditory and visual distractions in the classroom. Lack of tools available to help Marcus with his physical and visual disabilities. No opportunities to read apparent in the classroom, no books. Math noted as one of his strengths yet computer math program seemed to be only a game to him. Marcus did not receive any feedback for his work what did he do well what can he improve upon. He consistently did whatever seemed to please the adult he was with. No clear direction or goal provided as he moved from station to station...do this now , do this now...Why? Lacking opportunities to interact with nondisabled peers.


Sarah Eisenberg, Youth and Parent Services Advocate, LCCIL

CC: Dawn Johnson; file